UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

MARK ANTHONY CHABAN,                                Case No. 14-52133

    Debtor.                                         Hon. Walter Shapero
_____/


# HON. SUSAN BORMAN'S OPPOSITION TO DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY, AND, FOR SANCTIONS/DAMAGES FOR VIOLATION OF AUTOMATIC STAY (RE 61)


Collins Einhorn Farrell PC
Brian D. Einhorn (P13130)
Trent B. Collier (P66448)
4000 Town Ctr., Suite 909
Southfield, MI 48075
248-355-4141

*Attorneys for Hon. Susan Borman*

# INTRODUCTION

Debtor Mark Chaban's *Motion to Enforce Automatic Stay, and, for Sanctions/Damages for Violation of Automatic Stay* (Docket No. 61), requests sanctions and damages from Bob Woodward and Wayne County Circuit Court Judge Susan Borman. In the underlying case, Chaban filed a meritless counterclaim and numerous appeals in response to a simple eviction action against his client (who is also his brother-in-law), Christopher Schwartz. Chaban now claims that Judge Borman violated the automatic stay imposed by 11 U.S.C. § 362(a) when she issued two orders, one in August 2014 and another in September 2014.

This motion should be denied to the extent it seeks relief against Judge Borman for the following reasons:

1. The Eleventh Amendment of the United States Constitution precludes this Court from entering relief against a state court judge. The only relevant exception is for a prospective injunction. Given Judge Borman's recognition of the automatic stay, there are no future actions to enjoin.

2. Judge Borman did *not* violate the automatic stay. Under the "police power" exception to the automatic stay, courts may issue sanctions against debtors for unprofessional and vexatious conduct in litigation.

3. Judge Borman is immune from liability under long-standing principles of judicial immunity.

For each of these reasons, Chaban's requests for relief against Judge Borman should be denied.

# RELEVANT FACTS

**A. Chaban's vexatious litigation tactics and the 2013 sanctions**

Chaban's motion arises out of years of state-court litigation in which Chaban represented his brother-in-law, Christopher Schwartz. *See Woodward v. Schwartz*, Case No. 111-005692-CZ. It began in 2010, when Bob Woodward filed an eviction action against his tenant, Schwartz. Chaban counterclaimed on Schwartz's behalf, and filed appeal after appeal. By the end of 2013, Chaban had filed three separate appeals in the Wayne County Circuit Court. (**Exhibit 1**, Registers of Actions for Case Nos. 13-0060402-AV; 13-002928; 13-012157-AV). He also filed a complaint for a writ of superintending control (Case No. 316621), and four separate appeals in the Michigan Court of Appeals. *Woodward v. Schwartz*, (**Exhibit 2**, Docket Sheets for Case Nos. 317043, 317270, 318029, 319777).

Eventually, Schwartz's cross-claim was dismissed, and the District Court entered judgment in Woodward's favor.

Judge Borman entered an award granting $6,448.75 in vexatious appeal sanctions against Schwartz and Chaban in 2013. (**Exhibit 3**, sanctions order). The court held a show-cause hearing on August 9, 2013 after Chaban failed to satisfy his obligations under her order and Judge Borman was forced to threaten to incarcerate Chaban to compel his compliance with the court's order. (**Exhibit 4**, August 9, 2013 hearing, at 6). Judge Borman also noted Chaban's previous misrepresentations:

> Number one, when you filed the superintending control against this court and the Court of Appeals, you swore to the Court of Appeals that you personally served me. You know that's not true. I was never personally

served. And you lied to the Court of Appeals. You just lied to me about this.

And I'm going to also have to report you to the Bar Grievance for lying to the Court. Now, I don't want this to have to happen again. You pay up your vexatious appeal. And if you continue this, I'm going to have to report you to the Bar Grievance. [*Id.* at 10].

Chaban's vexatious conduct in litigating the underlying case is consistent with his practice in other cases. In *Chaban v. Rathore*, unpublished opinion per curiam of the Court of Appeals, issued November 21, 2013 (Docket No. 308326) (**Exhibit 5**), the Michigan Court of Appeals admonished Chaban for his "consistently unprofessional and retaliatory" conduct, characterizing it as "egregious and outrageous …" *Id.* at *17. Therefore, the Court directed the trial court to refer Chaban to the Attorney Grievance Commission: "Considering the flagrant and inexcusable … violations [of the Michigan Rules of Professional Conduct," the numerous misrepresentations, abuse, harassment, and the tactics designed to embarrass and humiliate, as well as exhaust financial resources, we direct the trial court to refer … Chaban to the Attorney Grievance Commission …." *Id.*.

### B. 2014 Sanctions proceedings

After the district court entered judgment in Woodward's favor, Judge Talbot ordered that Woodward was entitled to escrowed funds. This order should have ended proceedings, given the district court's previous ruling in Woodward's favor on the eviction claim.

Nevertheless, Chaban filed an appeal from that order. And he had no basis to do so. Consequently, Woodward filed another motion for sanctions against Chaban and

3

14-52133-wsd    Doc 68    Filed 10/01/14    Entered 10/01/14 15:18:44    Page 4 of 14

Schwartz in June 2014. (**Exhibit 6**, *Plaintiff's Motion for Sanctions against Defendant and Mark Chaban*) (attached without exhibits).

After Woodward filed this motion, Chaban filed a voluntary petition under Chapter 7 on July 24, 2014. (*In re Chaban*, Case No. 14-521-33-wsd, Docket No. 1).

On July 25, 2014, Judge Borman held a hearing on Woodward's motion for sanctions against Chaban and his client. When Chaban explained that he filed a petition under Chapter 7 the day before this hearing, Judge Borman recognized that the automatic stay might apply:

| | |
|---|---|
| MR. CHABAN: | One other matter I think Mr. Hill is aware of. Yesterday I filed in this case a Notice of Bankruptcy filing which affects the motion only, and there should be a stay in place regarding the motion. |
| THE COURT: | Well, who filed for bankruptcy? |
| MR. CHABAN: | I did. |
| THE COURT: | You personally? |
| MR. CHABAN: | Yes. |
| THE COURT: | Okay, I guess that would — I don't know, that would probably affect the — I don't know. I don't know that it does. It may because the costs would be … |
| | [Question and answer about the identity of one of the parties on the call] |
| THE COURT: | Well, I don't know that it would because the costs would be entered against the — |
| MR. CHABAN: | He asked for costs against me and my client. |
| THE COURT: | — defendant in this case. Who is your motion for costs against, Mr. Chaban or — |
| MR. HILL: | Yes, yes. |

4

| THE COURT: | All right [sic], so it probably does affect that. All right [sic], we're going to put this over until next week, okay. [**Exhibit 7,** July 25, 2014 transcript at 9]. |
|---|---|

The July 25, 2014 hearing was adjourned to August 1, 2014 because of a miscommunication (Woodward's attorney thought the hearing had been rescheduled).

The Court held a hearing on August 1, 2014. (**Exhibit 8,** August 1, 2014 transcript). At that hearing, Judge Borman correctly stated that the automatic stay precluded collection against Chaban:

| MR. HILL: | Last time you gave Mr. Chaban a specific time period. He didn't pay it and then we show caused him. |
|---|---|
| THE COURT: | And then he did pay it. |
| MR. HILL: | And then he did pay. |
| THE COURT: | Yeah. |
| MR. HILL: | So I just ask the Court[,] you gave like two weeks the last time. |
| THE COURT: | *But he's in bankruptcy now.* |
| MR. HILL: | Mr. Schwartz I'm asking, his brother-in-law. |
| THE COURT: | Well, I guess we'll give him 28 days to pay it. |

[*Id.* at 17-18].

It was clear to anyone attending the August 1, 2014 hearing, therefore, that Judge Borman recognized the automatic stay and its prohibition on collections against Chaban while he was in bankruptcy. And if there was any ambiguity, it was eliminated by Judge Borman's written order:

IT IS HEREBY ORDERED:

5

> That plaintiff's motion for vexatious appeal sanctions against Christopher Schwartz and his attorney, Mark Chaban, are granted for reasons stated on the record, in the amount of $24,525.00. Defendant Christopher Schwartz shall have twenty-eight day [sic] to pay the sanction award. Attorney Mark Chaban is currently in bankruptcy and sanction award may be stayed against him only. [**Exhibit 9,** August 4, 2014 order]

As shown below, Judge Borman's understanding of the automatic stay was exactly right: it does *not* preclude entry of a sanctions order but it *does* preclude collections.

Woodward filed a show-cause motion on September 3, 2014, naming both Schwartz and Chaban. (**Exhibit 10**, show-cause motion). On September 11, 2014, the court entered an order requiring Christopher Schwartz and Mark Chaban to appear on September 12, 2014 to show cause why they should not be sanctioned. (**Exhibit 11,** September 11, 2014 order).

The hearing has been rescheduled for October 3, 2014 and, on October 1, 2014, Judge Borman issued an order clarifying that the show-cause order does not apply to Chaban—an order consistent with her statements on the record on August 1, 2014 and her August 4, 2014 order. (**Exhibit 12**, October 1, 2014 order).

### ARGUMENT 1

**The Eleventh Amendment of the United States Constitution bars actions against state court judges, except to the extent they seek prospective, injunctive relief. These well-established legal principles require the dismissal of Chaban's request for sanctions. And because Judge Borman has clarified that the automatic stay applies to Chaban, there are no grounds for prospective, injunctive relief.**

The Eleventh Amendment of the United States Constitution states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state,

or by citizens or subjects of any foreign state." U.S. Const., amend. XI. This amendment also "immunizes state officials from suit in federal court." *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003). Therefore, it applies to state court judges such as Judge Borman.

Under *Ex parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar lawsuits seeking an injunction against the state official. To determine whether a claim is barred by the Eleventh Amendment or permitted by *Ex parte Young*, "the court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dubuc*, 342 F.3d at 616 (citations and quotations omitted).

Chaban's motion seeks an order voiding Judge Borman's previous orders, imposing sanctions, and granting injunction against further proceedings. The only prospective relief requested in Chaban's motion, therefore, is his request for an injunction against further action against him by the Wayne County Circuit Court. But because the Court recognized application of the stay on August 1, 2014 and later clarified that the stay bars further action against Chaban, there are no grounds for prospective relief here.

The automatic stay does not bar proceedings against nondebtor codefendants. *See, e.g.*, *In re Nat. Century Financial Enterprises, Inc.*, 423 F.3d 567, 578 (6th Cir. 2005) (stating that "a debtor must demonstrate unusual circumstances in order to extend the automatic stay to nondebtor codefendants."). Therefore, if Chaban contends that this

7

Court should enjoin further proceedings against Schwartz, he is wrong as a matter of law and this request should be denied.

## ARGUMENT 2

**The Bankruptcy Court exempts governmental exercise of its police power from the automatic stay. Bankruptcy courts recognize that entry of sanctions is an exercise of police power. Therefore, Judge Borman did not violate the automatic stay.**

The Bankruptcy Code states that the exercise of governmental police power is not subject to the automatic stay:

> The filing of a petition … does not operate as a stay …
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit … To enforce such governmental units or organizations police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental units or organization's police or regulatory power;

11 U.S.C. § 362(b)(4).

Courts applying this section have held that the automatic stay does not apply to court-imposed sanctions. The Seventh Circuit Court of Appeals' opinion in *Alpern v. Lieb,* 11 F.3d 689 (7th Cir. 1993), is one of the leading cases. The plaintiff-debtor in *Alpern* filed bankruptcy after the United States District Court for the Northern District of Illinois imposed Rule 11 sanctions against him. The Seventh Circuit, in an opinion by Judge Richard Posner, held that the automatic stay did not apply to the Rule 11 proceedings, given the police-power exception of section 362(b)(4).

The Court reasoned that Rule 11 "is not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party. …. It directs the imposition

8

14-52133-wsd    Doc 68    Filed 10/01/14    Entered 10/01/14 15:18:44    Page 9 of 14

of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction, just as an order of restitution in a criminal case is a sanction even when it directs that payment be made to a private person rather than to the government." *Alpern*, 11 F.3d at 690.

Judge Posner explained that litigants seeking sanctions act on behalf of the "governmental unit" when seeking sanctions for "unprofessional behavior." *Id.* He also held that sound public policy justified exempting litigation-sanctions proceedings from the automatic stay: "A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss." *Id. See also Darrow v. City of Potterville*, 1:08-CV-455, 2008 WL 5382341 (W.D. Mich. Dec. 22, 2008) (citing *Alpern* with approval).

This rationale applies to state-law analogues to Rule 11. *See, e.g., In re Betts*, 165 B.R. 233 (Bankr. N.D. Ill. 1994) (holding that the police-power exception applied to show-cause proceedings in state court).

Judge Borman entered the August 2014 order to sanction Chaban for his unprofessional and vexatious conduct. As demonstrated by *Alpern*, this order fall squarely within § 362's police-power exception. Indeed, the August 1, 2014 transcript shows that Judge Borman's understanding of the automatic stay was exactly right: it

9

does not preclude entry of sanctions for unprofessional and vexatious litigation but it does preclude collections. (**Ex. 8,** August 1, 2014 transcript).

As for the September 2014 order, Judge Borman has issued an order clarifying that the show-cause order does not apply to Chaban until the automatic stay is lifted. (**Ex. 12**, October 1, 2014 order). This clarification is consistent with Judge Borman's August 4, 2014 order and her recognition of the automatic stay at the August 1, 2014 hearing. Therefore, Judge Borman's actions do not violate the automatic stay.

### ARGUMENT 3

**The doctrine of judicial immunity bars claims against judges for actions taken while acting in their judicial capacity. Chaban seeks sanctions against Judge Borman for actions taken while acting in her judicial capacity. Therefore, Chaban's request for sanctions against Judge Borman should be denied.**

When debtors initiate bankruptcy adversary proceedings against state court judges for alleged violations of the automatic stay, bankruptcy courts are quick to dismiss any claims for sanctions based on judicial acts. For example, in *Perry v. Puckett Foundations In re: Perry)*, 312 B.R. 720, 723 (Bankr. M.D. Ga. 2004), a debtor-contractor brought an adversary proceeding to enjoin a state criminal prosecution for alleged theft. He also sought damages for an alleged violation of the automatic stay and named the state court judge who issued a warrant for his arrest as a respondent.

Quoting *In re Womack*, 253 B.R. 241, 242 (Bankr. E.D. Ark. 2000), the *Perry* court explained that judges are not liable for sanctions based on judicial acts: "It is well settled that a court and prosecutors enjoy judicial immunity from suit for acts taken in the course of their official judicial and prosecutorial duties… Judicial officers and

prosecutors are immune from damages such as these." *Perry*, 312 B.R. at 723. Actions for stay violations are not exempt from this rule: "This rule holds true even where the action seeks damages for violation of the automatic stay." *Id.*

Other bankruptcy courts have reached the same conclusion. *See, e.g., Cornelious v. Bishop (In re Cornelious)*, 214 B.R. 588, 590 (Bankr. E.D. Ark, 1997) (holding that the defendant-judge was "entitled to judicial immunity" because he was "acting within the bounds of his office"); *Morales-Garcia v. Colom Garcia (In re Morales Garcia)*, 2006 WL 3909940 (Bankr. D. Puerto Rico 2006) (**Exhibit 13**) (holding that a judge "is entitled to judicial immunity for her decision" and "[w]hether or not she may have erred on her decision regarding the applicability of the automatic stay is irrelevant").

The U.S. Supreme Court has emphasized that judicial immunity is "a general principle of the highest important to the proper administration of justice" because judges "exercising the authority vested in" them, should be "free to act upon [their] own convictions, without apprehension of personal consequences." *Bradley v. Fisher,* 80 U.S. 335, 347 (1872). In *Stump v. Sparkman,* 435 U.S. 349, 359 (1978), the Supreme Court reversed the Seventh Circuit and explained that a "judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."

The Michigan Legislature codified the rule of judicial immunity. *See* Mich. Comp. Laws. Ann., § 691.1407. This statute provides state-court judges with absolute immunity when acting within the scope of their judicial authority: "A judge … [is] immune from tort liability for injuries to persons or damages to property if he or she is

11

acting within the scope of his or her judicial … authority." Mich. Comp. Laws. Ann., § 691.1407(5).

These legal principles require the dismissal of Chaban's allegations. He seeks sanctions for two orders, both of which were issued when Judge Borman was acting within her judicial capacity. As in *Perry*, Judge Borman is "immune from damages such as these." *Perry,* 312 B.R. at 723. Therefore, Chaban's claims against Judge Borman should be dismissed.

## CONCLUSION

Chaban's claims against Judge Borman are barred by the Eleventh Amendment and the doctrine of judicial immunity. Moreover, the August 2014 order was within § 362(b)(4)'s police-powers exception and Judge Borman has clarified that the September 2014 order does not apply to Chaban. For these reasons, all claims against Judge Borman should be dismissed.

Respectfully submitted,

Collins Einhorn Farrell PC

*/s/ Trent B. Collier*
By: _____
Brian D. Einhorn (P13130)
Trent B. Collier (P66448)
4000 Town Ctr., Suite 909
Southfield, MI 48075
248-355-4141

*Attorneys for Hon. Susan Borman*

Dated: October 1, 2014

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the U.S. mail, postage prepaid, to their address of record.

/s/ Trent B. Collier