# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

In re:  Chapter 7 No: 14-52133-WS
    MARK ANTHONY CHABAN  Judge Shapero

        Debtor.
_____/

MARK A. CHABAN
Debtor and Attorney for Debtor
199 N, Main St.
Suite 112
Plymouth, MI 48170
(734) 454-0770

FRED H. FREEMAN (P-24734)
Creditor in Pro Per
30500 Northwestern Hwy.,
Suite 500
Farmington Hills, MI 48334
248-865-0505
_____/

## CREDITOR'S ANSWER TO DEBTOR'S OBJECCTION
## TO CLAIM #1 OF FRED H. FREEMAN

    NOW COMES Creditor FRED H. FREEMAN, acting in pro per, and in response to the frivolous objections filed by Debtor MARK A. CHABAN on June 25, 2015, states unto this Honorable Court as follows:

    1. As to the first paragraph of Debtor's objections, Creditor denies same for the reason that it is untrue.

    2. That as to the second paragraph of Debtor's objection, Creditor denies same for the reason that it is untrue. Moreover, that this paragraph totally lacks legal merit for the following reasons:

    A. That the Macomb County Circuit Court imposed liability upon Debtor and the Court of Appeals upheld this decision, These documents/court orders were filed with this court in the related adversary case, FREEMAN v. CHABAN, Adversary Case No. 14-05126.

    B. That this Court, in its decision issued on June 10. 2014 in the above stated adversary case, indicated that under the Rooker-Feldman doctrine and for other legal reasons, this Court will not disturb a ruling by the state court. Quite frankly, the debtor, by his objections is sending this Court "down the same road" to revisit issues that it has already ruled on.

    3. That as to the third paragraph, Creditor denies same for the reason that it is untrue. This Court has already ruled in its opinion and order issued on April 28, 2015 and/or June 10, 2015 the adversary case, that the assignment is valid. Once again Debtor is asking this Court to revisit an issue upon which it has already rendered a decision and which is on appeal to the U.S. District Court.

    4. That as to the fourth paragraph, Creditor denies same for the reason that it is untrue. this Court has already ruled in its opinion and order issued on April 28, 2015 and /or June 10, 2015 in the adversary case, that the assignment is valid and not merely a security interest. Once again Debtor is asking this Court to revisit an issue upon which it has already rendered a decision and which is presently on appeal to the U.S. District Court.

    5. That as to the fifth paragraph, Creditor denies same for the reason that it is untrue. This Court has already ruled in its opinion and order issued on April 28, 2015 and/or June 10, 2015 in the adversary case, that the judgment is valid and not void.. Once again Debtor is asking this Court to revisit an issue upon which it has already rendered a decision and which is presently on appeal to the U.S. District Court.

.       6.   That as to the sixth paragraph, Creditor denies same for the reason that it is untrue. This Court has already ruled in its decision issued on April 28, 2015 in the adversary case, that FRED H. FREEMAN has standing.  Once again Debtor is asking this Court to revisit an issue upon which it has already rendered a decision and which is presently on appeal to the U.S. District Court.

        7.   That as to the seventh paragraph, Creditor denies same for the reason that it is untrue.  Each issue listed in objection paragraphs 2 through 6 has been determined by orders issued by this Court in the adversary case, 14-05126.  There is a sanctions motion pending against the creditor notwithstanding the fact that he was successful in his adversary case.

        8.  That  Creditor further states that the objections set forth in paragraphs two through six filed by Debtor are totally frivolous and without the slightest bit of legal merit. Debtor is fully aware that this Court has already ruled on each and every objection except for the allegation that the proof of claim is incomplete.  In fact, he filed an in pro per appeal to the U.S. District Court as to those rulings.  As to the claim, of incompleteness (paragraph #1), Creditor denies same for the reason that it is untrue and further states that Debtor failed to provide any facts or legal reason for that allegation.

        9.  That after providing Debtor with the appropriate notice under Bankruptcy Rule 9011, that Creditor plans to file a sanctions motion in this matter since the objections clearly violate that bankruptcy rule.

        10.  That this Court lacks jurisdiction to decide the objections to claim because it already ruled that the creditor's claim is non dischargeable under 11 U.S.C. 523 (A-6).

Debtor sole remedy is to appeal to the Michigan Court of Appeals or the U.S. District Court

    WHEREFORE, Creditor prays that this Court deny Debtor's Objections to Claim for lack of legal merit and grant him whatever and further relief that it deems appropriate.

                                      Respectfully Submitted,

                                      _/s/ Fred H. Freeman____
                                      Fred H. Freeman (P24734)
                                      Creditor in Pro Per
                                      30500 Northwestern Hwy.
                                      Suite 500
                                      Farmington Hills, MI 48334
                                      FredFreemanAtty@aol.com
                                      (248) 865-0505

Dated: June 24, 2015